**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

JUNE SHEW, *et al.*,                                 :
                                                                      :
                          Plaintiffs,            :              CASE NO. 3:13-cv-00739-AVC
                                                                      :
              v.                                          :
                                                                      :
DANNEL P. MALLOY, *et al.*,              :
                                                                      :
                          Defendants.          :              JULY 12, 2013

**NOTICE OF MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF LAW
ENFORCEMENT LEGAL DEFENSE FUND, LAW ENFORCEMENT ACTION
NETWORK, INTERNATIONAL LAW ENFORCEMENT EDUCATORS AND
TRAINERS ASSOCIATION, AND ACTIVE-DUTY AND RETIRED CONNECTICUT
PEACE OFFICERS TYSZKA, HALL, EDWARDS, BLEIDNER, MURAD, MCCLAIN,
AND BUNCE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION**

PLEASE TAKE NOTICE that the Law Enforcement Legal Defense Fund (LELDF), the

Law Enforcement Action Network (LEAN), the International Law Enforcement Educators and

Trainers Association (ILEETA), and the following active-duty and retired Connecticut peace

officers: Retired State Police Lieutenant Colonel Matthew Tyszka, Retired State Police Sergeant

Douglas Hall, Esq., Retired State Police Sergeant Darren Edwards, Retired State Police Trooper

James Bleidner, Shelton Police Department Officer David Murad, Shelton Police Department

Officer Michael McClain, and Waterford Police Department Officer John Bunce (collectively

"Law Enforcement Organizations and Officers" or "Amici"), through their undersigned counsel,

hereby move the Court to grant an Order allowing the Law Enforcement Organizations and

Officers to file an amici curiae brief in support of Plaintiffs' motion for a preliminary injunction.

The Law Enforcement Organizations and Officers submit herewith a motion providing reasons

why this Court may choose to accept the brief as well as copy of the amici curiae brief they

request leave to file.

**MOTION FOR LEAVE TO FILE PROPOSED BRIEF OF AMICI CURIAE
ON BEHALF OF LAW ENFORCEMENT ORGANIZATIONS AND OFFICIALS**

The Law Enforcement Organizations and Officers respectfully move this Court, pursuant

to its broad discretion to allow for the appearance of amici curiae in a district court case, for

leave to file the concurrently submitted amici brief in support of Plaintiffs' motion for a

preliminary injunction. *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F.

Supp. 2d 295, 311 (W.D.N.Y. 2007) *amended on reconsideration in part*, 06-CV-0001S, 2007

WL 1200473 (W.D.N.Y. Apr. 20, 2007). Amici certify that this brief was not written in whole or

in part by the counsel for any party.

I.    **INTERESTS OF THE AMICI**

The Law Enforcement Organizations and Officers' proposed amici brief provides this

Court with the unique perspective of several law enforcement organizations and individual peace

officers who support Plaintiffs' position and have the collective knowledge and experience of

law enforcers working at the street level, as defenders of peace officers who face legal action,

and as educational liaisons between the public, the government, and law enforcement. Amici

believe the laws challenged in Plaintiffs' Motion for Preliminary Injunction do not further the

government's interests in increasing public safety and reducing the occurrence of violent crime

and are thus unconstitutional under the Second Amendment. The challenged laws are also

unconstitutionally vague and place an improper burden upon law enforcement officers to

interpret the meaning of such provisions. Therefore, this brief will provide this Court with a

balanced analysis of legal authority and practical implications explaining why the enforcement of

the challenged provisions should be enjoined.

2

### A.    Individual Law Enforcement Officials

The following individual active-duty and retired Connecticut peace officer join as Amici in support of Plaintiffs' position: Retired State Trooper Matthew F. Tyska, Jr., Retired State Police Sergeant Douglas Hall, Esq., Retired State Police Sergeant Darren Edwards, Retired State Police Trooper James Bleidner, Shelton Police Department Officer David Murad, Shelton Police Department Officer Michael McClain, and Waterford Police Department Officer John Bunce.

Matthew F. Tyszka, Jr. ("Lt. Col. Tyszka") retired from the Connecticut State Police (CSP) in 1998 at the rank of lieutenant colonel. As the commanding officer of the CSP's Office of Administrative Services, he provided administrative and operational supervision of the CSP Special Licensing and Firearms Unit and the Firearms Training Unit. His operational duties included command of CSP Tactical Unit (SWAT) Team for eight years that involved hostage recovery and negotiations, barricaded persons, and high risk warrant service. He has also worked on domestic terrorism and Joint Task Forces with the FBI (New York & Boston). Lt. Col. Tyszka is admitted to practice law in the Connecticut Bar and the District of Connecticut. He holds a Connecticut pistol permit and qualifies annually as a retiree under the Law Enforcement Officers Safety Act (LEOSA, H.R. 218). His professional memberships include the International Association of Chiefs of Police (IACP), National Association of Chiefs of Police (NACOP), International Association for Counterterrorism and Security Professionals (IACSP), Association of Former Intelligence Officers (AFIO), Association of Public Safety Communications Officials (APCO), and the American Society for Industrial Security (ASIS).

Douglas A. Hall ("Sgt. Hall") retired from state service after sixteen years as a sworn peace officer with the CSP and four years with the Connecticut State Department of Correction. At the time of his retirement, he was the executive officer responsible for the supervision of

detectives, troopers, and civilian staff in the CSP's Special Licensing and Firearms Unit (SLFU). The SLFU is responsible for the issuance of state pistol permits, and the oversight and regulation of firearm sale transactions in Connecticut. The unit is the contact point and responsible authority for investigating violations of state law relating to the purchase, sale and transfer of firearms. Sgt. Hall represented the Commissioner of the Department of Emergency Services and Public Protection in administrative hearings before the Board of Firearms Permit Examiners ("Board"). The Board hears from individuals appealing the denial or revocation of state permits to carry pistols and revolvers. He assisted in drafting legislative proposals on behalf of the CSP relating to firearms regulations. Sgt. Hall is also admitted to practice law in the Connecticut Bar and the District of Connecticut.

Darren Edwards ("Sgt. Edwards") retired as a sergeant from the CSP with twenty-four years of experience. He was the departmental expert on firearms laws for ten years and served as a supervisor for the last eight years of his tenure. The United States District Court for the District of Maine has recognized Sgt. Edwards as an expert on firearms law. For the last four years prior to retirement, he was Commanding Officer of the Statewide Firearms Task Force (SFTF), a state-wide firearms trafficking task force for the effective cooperative enforcement of the laws of Connecticut concerning the distribution and possession of firearms. As the commanding officer, Sgt. Edwards supervised all operational aspects of enforcing firearms laws in Connecticut, including: (1) Reviewing the problem of illegal trafficking in firearms and its effects, including its effects on the public, and implementing solutions to address the problem; (2) identifying persons illegally trafficking in firearms and focusing resources to prosecute such persons; (3) tracking firearms which were sold or distributed illegally and implementing solutions to remove

such firearms from persons illegally in possession of them; and (4) coordinating its activities with other law enforcement agencies within and without the state.

James Bleidner ("Det. Bleidner") retired after twenty-years of service with the CSP. He worked in patrol, the traffic division, and as a Troop Desk Officer until 1989 when he was accepted by competitive examination to the CSP Major Crime Squad. In his capacity as a detective, he participated in and was case officer for dozens of serious crime investigations ranging up to and including Capital Felonies. Det. Bleidner maintained proficiency in firearms through voluntary and dedicated training in the course of his career, qualified annually at the CSP shooting range, and as top-shot in his training academy class.

David Murad ("Officer Murad") is an active-duty sworn peace officer in Shelton, a town of approximately 40,000 residents located in Fairfield County. During his multi-faceted career with the Shelton Police Department, Officer Murad's duties have ranged from patrol officer to investigator in the detective division. As a plain clothes narcotics officer for the Valley Street Crime Unit and in the course of his entire career, Officer Murad has handled firearms issues met by officers on the front-lines of patrol. He holds a Connecticut state permit, received the Connecticut State Safety Course certificate required for a hunting license, and maintains his proficiency in the use of both his duty and personal firearms.

Michael McClain ("Officer McClain") also serves as an active-duty sworn peace officer in Shelton. He is an NRA Pistol Instructor and has received specialized training during his ten years with the department, including graduation from the police academy and the federal Drug Enforcement Agency training academy. Similar to Officer Murad, Officer McClain has handled firearms issues met by officers on the front-lines of patrol.

John Bunce ("Officer Bunce") is an active-duty sworn peace officer in Waterford, a town of approximately 19,000 residents located in New London County. His resume of military and law enforcement service dates from 1989, when he enlisted in the United States Marine Corps (USMC), to his present assignment as a Police Firearms Instructor (Rifle, Pistol, Shotgun) and Field Training Officer in the Waterford Police Department. While in the USMC, Officer Bunce's assignment was Infantry and he qualified and served as a Marksmanship Instructor. Following his Honorable Discharge from active-duty in 1994, Officer Bunce worked as a Test Technician in the Research & Development Department of Marlin Firearms in North Haven, Connecticut. His wide-ranging assignments in law enforcement, which include the Navy Department of Defense in Stockton, California, the Department of Veterans Affairs in Michigan and New York, the New York Police Department, and finally the Waterford Police Department, give Officer Bunce a unique perspective on the particular front-line firearms issues met by officers in Connecticut as compared and contrasted to other locations.

The above individuals' extensive education and experience in law enforcement provides them with expertise not only on how state-wide gun control laws actually impact public safety at the ground level, but also on how such laws impact the duties, responsibilities, and liabilities of law enforcement officers. On a daily basis, it is the job of individual officers to make discerning judgments about the applicability of the law and ascertain whether or not criminal conduct has arisen. On the street, it is law enforcement's job to effectuate lawful arrests of dangerous persons who break the law. And scarce police resources are more effective when spent on carrying out laws that actually reduce violent crime rather than on laws, like those here challenged, that unfairly burden peace officers and other law enforcement personnel with the task of deciphering

vague provisions. These individual peace officers will provide this Court with a unique

perspective about the legal and constitutional pitfalls of the challenged provisions.

### B.    Law Enforcement Legal Defense Fund (LELDF)

Law Enforcement Legal Defense Fund (LELDF) is a non-profit 501(c)(3) organization,

headquartered in Arlington, Virginia, that provides assistance to law enforcement officers,

including officers in Connecticut, in a variety of legal matters officers encounter while serving in

the line of duty. LELDF is best and most accurately described as a broad-based organization with

tens of thousands of supporters and donors supporting the best interests of law enforcement.

During its twenty-year history, LELDF has aided nearly one-hundred officers, mostly in

cases where officers have faced legal action for otherwise authorized and legal activity in the line

of duty. Oftentimes, officers receiving assistance from LELDF are acquitted. In 2010, LELDF

won a major court case in Connecticut. At the end of a four-week trial in Hartford Superior

Court, Robert Lawlor, formerly a sergeant of the Hartford Police Department, was found not

guilty of all charges. During four years of legal battles to contest a grand jury indictment on

charges of manslaughter and assault for a 2005 incident involving the death of a dangerous

suspect, Mr. Lawlor had been suspended from the police force without pay, pending the outcome

of the legal battles. LELDF was actively involved in the legal "discovery" process to find

important information that had been excluded from grand jury consideration. In addition, LELDF

provided support to and assisted attorneys in demonstrating that some of the evidence presented

was biased, which greatly assisted the jury in exonerating Mr. Lawlor.

LELDF also works to educate the public, the media, educational institutions, and the

government about the role law enforcement officers play in keeping the peace. Additionally,

LELDF conducts and presents studies, research, and statistical surveys to various government

agencies to foster an understanding of cooperation between government and law enforcement to bolster the common good and social welfare. LELDF does not support restrictions on the possession of firearms that unduly burden the Second Amendment right to keep and bear arms. Indeed, carefully drafted laws that allow for private citizens to adequately defend themselves within the lawful parameters of the Second Amendment result in fewer victimizations and conserve government resources.

Additionally, LELDF is appearing as amicus curiae to provide its expertise on interactions between police officers and the enforcement of the law. While LELDF supports legislation that will further the government's interest in protecting public safety, LELDF does not support poorly drafted, vague laws that subject law enforcement officers to undue legal action as a result of their attempted enforcement.

### C.     Law Enforcement Action Network (LEAN)

LEAN is a sister organization to LELDF, also headquartered in Arlington, Virginia, and has a pending application to become a certified 501(c)(4) organization. LEAN relies on legislative and grassroots advocacy to promote policies that protect law enforcement officers' personal and professional safety. Additionally, LEAN works to oppose policies that favor criminals at the expense of the police and the public. Much like LELDF, LEAN also supports legislation that appropriately respects the constitutional boundaries of the Second Amendment. As an amicus, LEAN seeks to provide insight to the Court about the negative ground level impact the challenged provisions will have on police officers who must enforce the challenged provisions.

D.     **International Law Enforcement Educators and Trainers Association (ILEETA)**

ILEETA is a professional association of 4,000 persons who are committed to the reduction of law enforcement risk through the provision of training enhancements for criminal justice practitioners. By developing and providing high quality training, ILEETA members have committed themselves to saving lives of not only police officers, but also of the general citizenry who encounter law enforcement. Additionally, ILEETA publishes four periodicals: *The ILEETA Digest*, *The ILEETA e-Bulletin*, *The ILEETA Journal*, and *The ILEETA Chronicle*.

As an amicus, ILEETA will provide this Court with its expertise on interactions between law-abiding persons who carry firearms and the police. Additionally, ILEETA is participating because unconstitutional firearms restrictions not only disadvantage law-abiding citizens whose lawful self-defense deters crime, but also disadvantages police officers who are tasked with interpreting and enforcing such provisions.

## II.   REASONS FOR FILING

Amici have reviewed the documents filed to date by the parties to this proceeding and are familiar with the issues before this Court. The accompanying proposed brief of the amici curiae will assist this Court by identifying the practical impact the challenged provisions will have on law enforcement that the parties do not fully address, but which are critical to a complete understanding of the problems with vagueness. It will also explain the negative effects the legislation will have on public safety, the ability of law-abiding citizens to defend themselves effectively, and the Second Amendment implications these issues raise.

As the street-level enforcers of the challenged provisions, law enforcement officers are the ones tasked with ensuring compliance with the laws. This brief provides insight from a law enforcement perspective on the detrimental impact vaguely drafted laws have on effectuating

successful crime prevention. Moreover, law enforcement officers are subjecting themselves to potential legal action stemming from the enforcement of the challenged provisions that allow for too much subjective latitude to pass constitutional muster. Finally, the accompanying amici brief addresses why no public interest is furthered by the firearms restrictions challenged herein.

Accordingly, the amici respectfully move that this Court grant leave to file the brief submitted concurrently with this motion.

Dated: July 12, 2013

**Counsel for Amici Curiae**

/s/ C.D. Michel

C. D. Michel*
Michel & Associates, P.C.
180 E. Ocean Blvd., Ste. 200
Long Beach, CA 90802
Tel:  (562) 216-4444
Fax:  (562) 216-4445
cmichel@michellawyers.com
*Motion for Admission pending*

**Of Counsel**

David Martin
Law Offices of David Henderson Martin
1611 North Kent Street, Suite 901
Arlington, VA 22209
(703) 807-1875

/s/ Rachel M. Baird

Rachel M. Baird (ct12131)
Law Office of Rachel M. Baird
8 Church St Ste 3B
Torrington, CT 06790
Tel:   (860) 626-9991
Fax:  (860) 626-9992
rbaird@rachelbairdlaw.com

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY THAT on July 12, 2013, a copy of this Notice of Motion for Leave to File Amici Curiae Brief of Law Enforcement Legal Defense Fund, Law Enforcement Action Network, International Law Enforcement Educators and Trainers Association, and Active-Duty and Retired Connecticut Peace Officers Tyszka, Hall, Edwards, Bleidner, Murad, Mclain, And Bunce in Support of Plaintiffs' Motion for Preliminary Injunction was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Rachel M. Baird
Rachel M. Baird
Commissioner of the Superior Court